UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LEE WATTS,

    Petitioner,

v.                                                    Case No. 3:21-CV-10813

GARY MINIARD,

    Respondent,
_____/

**OPINION AND ORDER GRANTING THE MOTION TO STAY AND HOLD IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 7) AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner Michael Lee Watts incarcerated at the Saginaw Correctional Facility in Freeland, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction out of the Wayne County Circuit Court for assault with intent to do great bodily harm,[1] felon in possession of a firearm,[2] felony-firearm,[3] and being a fourth habitual offender.[4]

Petitioner has now filed a motion to hold the petition in abeyance to permit him to return to the state courts to present additional claims that have not been exhausted and that are not included in his current habeas petition. The court will hold the petition in abeyance and stay the proceedings under the terms outlined below to permit Petitioner

---

[1] Mich. Comp. Laws § 750.84.
[2] Mich. Comp. Laws § 750.224f.
[3] Mich. Comp. Laws § 750.227b.
[4] Mich. Comp. Laws § 769.12.

1

to return to the state courts to exhaust his additional claims. The court will also administratively close the case.

## I. BACKGROUND

A jury convicted Petitioner in the Wayne County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Watts*, No. 338204, 2018 WL 3039709 (Mich. Ct. App. June 19, 2018), *leave to appeal denied at,* 922 N.W.2d 127 (Mich. 2019).

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Watts,* No. 16-007030-01-FC (Wayne Cty.Cir.Ct., Aug. 21, 2019). The Michigan appellate courts denied Petitioner leave to appeal. *People v. Watts,* No. 351275 (Mich.Ct.App. Feb. 27, 2020), *leave to appeal denied at,* 948 N.W. 567 (Mich. 2020).

On March 29, 2021, Petitioner filed his application for writ of habeas corpus.[5] Petitioner seeks habeas relief on the grounds that he raised in the state courts on his direct appeal and in his post-conviction motion.

Petitioner has now filed a motion to hold the petition in abeyance so that he can return to the state courts to raise claims that have not been exhausted with the state courts and which are not included in the current petition.

## II. DISCUSSION

A federal district court has the authority to stay a fully exhausted federal habeas petition pending the exhaustion of additional claims in the state courts. *See Nowaczyk*

---

[5] Under the prison mailbox rule, the court assumes that Petitioner filed his habeas petition on March 29, 2021, the date that it was signed and dated. *See Towns v. United States*, 190 F. 3d 468, 469 (6th Cir. 1999).

*v. Warden, New Hampshire State Prison*, 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); see also *Bowling v. Haeberline*, 246 F. App'x. 303, 306 (6th Cir. 2007) (A habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served.") (quoting *Nowaczyk*, 299 F. 3d at 83); see also *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015).

The court will grant Petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust these additional claims. The outright dismissal of the petition, albeit without prejudice, might bar consideration of Petitioner's claims in this court if the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) were to expire. See 28 U.S.C. § 2244(d)(1). A common rationale for holding a habeas petition in abeyance occurs when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Other considerations favor holding the petition in abeyance to permit Petitioner to return to the state courts to exhaust his new claims. In particular, "the [c]ourt considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas*, 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f

this [c]ourt were to proceed in parallel with state post-conviction proceedings, there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other factors support granting the motion to stay the petition. The court is unable at this juncture to determine whether Petitioner's new claims have any merit, thus, the court cannot say that the claims are "plainly meritless." *Thomas*, 89 F. Supp. 3d at 943. Nor, on the other hand, is the court able at this time to say that Petitioner's new claims warrant granting a writ of habeas corpus. *Id.* If the state courts deny post-conviction relief, this court could still benefit from the state courts' ruling on these claims in determining whether to permit Petitioner to amend his original petition to add these new claims. *Id.* Finally, respondent will not be prejudiced by any stay, whereas Petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this [c]ourt were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas*, 89 F. Supp. 3d at 943.

The court recognizes that under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999) (citing to *People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)). However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of

4

new evidence that was not discovered before the first such motion. *Banks,* 149 F. App'x. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. In addition, although not specifically mentioned in M.C.R. 6.502(G)(2), jurisdictional defects can be pursued in a successive motion for relief from judgment because such defects can be raised at any time. *See People v. Washington,* 944 N.W. 2d 142, 145-46 (Mich.Ct.App. 2019). The rationale behind this additional exception is that "'Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement.'" *Id.,* at 146 (internal quotation omitted).

Petitioner alleges that the claims that he wishes to exhaust in the state courts are based on his claim that the trial court lacked jurisdiction to sentence him as an habitual offender because the prosecutor failed to file a timely habitual offender notice and his related claims that trial and appellate counsel were ineffective for failing to raise this jurisdictional defect at trial, sentencing, or on appeal.

This court "should exercise caution in finding that" 6.502(G) would bar Petitioner from presenting these claims to the Michigan courts. *Banks,* 419 F. App'x. at 418. "Because it is at least debatable whether the Michigan courts would entertain [these claims] on a second or successive motion for state postconviction relief," *Id.,* based on the jurisdictional defect exception to M.C.R. 6.502(G), it is not clear that Petitioner would be procedurally barred from filing a successive motion, thus, the court will grant Petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in a successive motion for relief from judgment with the state courts. *Id.* at 419-20; *See also Cunningham v. Hudson*, 756 F.3d 477, 485-87 (6th Cir. 2014).

Where a stay of the petition is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back."

5

*Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner in exhausting state court remedies, the court imposes time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The court holds the petition in abeyance to allow Petitioner to initiate post-conviction proceedings in the state courts, but this tolling is conditioned upon Petitioner initiating his state post-conviction remedies within sixty days of receiving this court's order and returning to federal court within sixty days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721.

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith*, 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. CONCLUSION

IT IS ORDERED that the proceedings are STAYED and the court will hold the habeas petition in abeyance. Petitioner must file a motion for relief from judgment in state court within sixty days of receipt of this order. He shall notify this court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the court that he has done so, the court will lift the stay and will reinstate the original petition for writ of habeas corpus to the court's active docket and will proceed to

adjudicate only those claims that were raised in the original petition. After Petitioner fully exhausts his new claims, he shall file an amended petition that includes the new claims, along with a motion to lift the stay, within **sixty days** after the conclusion of his state court post-conviction proceedings. Failure to do so will result in the court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

To avoid administrative difficulties, IT IS ORDERED that the Clerk of Court is DIRECTED to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas*, 89 F. Supp. 3d at 943-944. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the court will order the Clerk to reopen this case for statistical purposes.

  S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 15, 2021, by electronic and/or ordinary mail.

  S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\21-10813.WATTS.Abeyance.db.chd.docx